# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO.  ED21-155M |
| v. | ) |
| TANNER ZIILCH, | ) ORDER OF DETENTION |
| Defendant. | ) |

## I.

A. ( )  On motion of the Government in a case allegedly involving:

    1. ( )  a crime of violence.

    2. ( )  an offense with maximum sentence of life imprisonment or death.

    3. (X)  a narcotics or controlled substance offense with maximum sentence of ten or more years .

    4. ( )  any felony - where the defendant has been convicted of two or more prior offenses described above.

    5. ( )  any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C § 2250.

B. (x)  On motion by the Government / ( ) on Court's own motion, in a case

---

allegedly involving:

(x) On the further allegation by the Government of:

1. (x) a serious risk that the defendant will flee.
2. ( ) a serious risk that the defendant will:
   a. ( ) obstruct or attempt to obstruct justice.
   b. ( ) threaten, injure, or intimidate a prospective witness or juror or attempt to do so.

C. The Government ( ) is/ (x) is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of any person or the community.

II.

A. (x) The Court finds that no condition or combination of conditions will reasonably assure:
   1. (x) the appearance of the defendant as required.
      (x) and/or
   2. (x) the safety of any person or the community.

B. (x) The Court finds that the defendant has not rebutted by sufficient evidence to the contrary the presumption provided by statute.

III.

The Court has considered:

A. the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
B. the weight of evidence against the defendant;
C. the history and characteristics of the defendant; and
D. the nature and seriousness of the danger to any person or to the community.

IV.

The Court also has considered all the evidence adduced at the hearing and the arguments and/or statements of counsel, and the Pretrial Services Report/recommendation.

V.

The Court bases the foregoing finding(s) on the following:

A. (X)  As to flight risk: _____

      Insufficient bail resources

      Prior parole violations

      Unverified background information

B. (x)  As to danger: _____

      Instant allegations

      Extensive criminal history

      Prior parole violations

      Parole status

      Subtance abuse

VI.

A. ( )  The Court finds that a serious risk exists that the defendant will:

    1. ( ) obstruct or attempt to obstruct justice.

    2. ( ) attempt to/ ( ) threaten, injure or intimidate a witness or juror.

B. The Court bases the foregoing finding(s) on the following: _____

_____

_____

_____

_____

_____

_____

_____

## VII.

A. IT IS THEREFORE ORDERED that the defendant be detained prior to trial.

B. IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

C. IT IS FURTHER ORDERED that the defendant be afforded reasonable opportunity for private consultation with counsel.

D. IT IS FURTHER ORDERED that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED: 3/15/21

KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE